BARKDULL, Judge.
The appellant, who was plaintiff below, appeals from the final order of dismissal of her amended complaint, granted upon the appellee-defendants’ motion to dismiss for failure to state a cause of action. She declined to plead further upon the court announcing its ruling. Her complaint sounds in tort, alleging that she was a tenant in an apartment house, operated by the defendant; that she was injured as a result of the defective rubber mat placed in the common hallway of the apartment. The charge of negligence upon the defendants is that they knew or should have known of the existence of the dangerous condition; yet there are no facts plead in the complaint to demonstrate for what period of time the dangerous condition had existed. The complaint also alleges that the defect was of such a nature that the appellant was unable to detect it.
Without any specific charge of knowledge upon the appellee-defendants and travelling upon the imputed knowledge by virtue of the existence of the dangerous condition, there must be some facts alleged to establish the period of time that the condition complained of existed, in order to demonstrate what opportunity the landlord had to discover the defect. Lacking such allegations, the complaint failed to state a cause of action, and the final judgment of dismissal by the trial court is affirmed. See Butler v. Maney, 146 Fla. 33, 200 So. 226.
Affirmed.