HENDRY, Chief Judge.
This is an appeal from a judgment entered in favor of plaintiffs pursuant to a jury verdict in a suit for personal injuries. The jury awarded Mrs. McHale the sum of $3,000 and awarded her husband $500.
The complaint charged that the defendant did negligently and carelessly create, permit to come into being and maintain a dangerous condition in the area used by the public on its premises, to-wit: a slippery floor, or in the alternative, defendant knew or should have known of such unsafe condition and did negligently, carelessly and recklessly fail to warn plaintiff as to said unsafe condition; that as a result thereof plaintiff, an invitee was injured when she slipped and fell when she was leaving the premises.
Defendant denied that plaintiff was an invitee and alleged that she was on the premises as a licensee. The answer also denied the allegations of negligence on the part of the defendant and charged plaintiff with contributory negligence.
The evidence shows that Mrs. McHale was a society reporter employed by one of Miami’s daily newspapers; by reason thereof, the country club had given her and her family a complimentary membership in the club which entitled them to free use of all its facilities. There was no requirement that Mrs. McHale attend any social events or write any articles about the club to its guests. However, it was. expected that the complimentary membership would result in some favorable publicity-for the club and its members.
On January 12, 1963 at about 1:00 o’clock P.M., Mrs. McHale went to the swimming-pool with her two children for the purpose of enjoying the pool facilities. She went, in the pool upon arrival, but stayed in only a very short time. After getting out of the water, she sat on the edge of the pool for about one hour and thereafter left the-pool wearing a bathing suit and rubber-thongs. She walked down the steps from the pool to the patio and proceeded towards the dance floor and patio, intending to walk along the dance floor to the exit; the exit through the locker room was closed. *407 and a sign was posted: “use side entrance.” The other routes of egress would have required her to climb some stairs and cross the stage of the bandshell or to have gone behind the bandshell between storage houses. Plaintiff maintained that the route she was taking was as directed by the sign.
As she was walking on or near the open air dance floor, she felt her right foot slip on “something slick” and she fell. As she sat on the floor in a dazed condition she realized that the bottom of her bathing suit was damp but she did not know what ■caused it to become damp. She said the ■suit was dry before the accident. Plaintiff was not certain as to whether she fell •on the cement patio or on the terrazzo dance floor, but there was evidence that ■she fell on the dance floor about three or four feet from the edge.
Neither the plaintiff nor any of the witnesses who were present at the scene of the accident testified that they observed .any dampness or foreign substance on the floor where plaintiff fell. However, plaintiff caused a test to be made in February, 1963 by an engineer who testified that he found silt and fungus in the area where plaintiff fell and that it was present when other portions of the floor were dry. He found the area to be a low spot that caused it to remain damp and slicker than the rest of the floor.
The club maintains a chain around the ■dance floor. The club manager testified that he has a very firm rule requiring the chain to be up at all times, except when the dance floor is used for dances and other functions, because when the dance floor is wet it is treacherous. Plaintiff testified the chain was not up when she fell.
Defendant has raised various points on this appeal, two of which we shall consider herein. The first point is that the court erred in charging the jury as a matter of law that plaintiff was a business invitee. Defendant argues that Mrs. Mc-Hale was on defendant’s premises for her own convenience, pleasure or benefit and was thus, a licensee.
Because Mrs. McHale had a complimentary membership and no pecuniary profit inured directly to the club does not, of itself, indicate that she was there for her own benefit. Mrs. McHale was invited to accept the complimentary membership by the board of directors of the club in order that its social image in the community be well portrayed. The fact that this relationship was fruitful to the club is shown by the renewal of her membership every year.
From this we conclude that Mrs. McHale’s presence in the club was for the mutual benefit of the parties and that the trial court was correct in ruling as a matter of law that she was a business invitee.[1]
As an invitee, the club owed to Mrs. McHale the duty to keep the premises in a reasonably safe condition and will be liable in this respect if the danger was known or by the exercise of reasonable care should have been known in time to have remedied the situation or to have given warning of danger.[2]
The second point considered is defendant’s contention that Mrs. McHale had a duty to see what is plainly to be seen by the ordinary use of the senses, and since the danger was patent and clearly visible, it should be considered that she was warned as a matter of law.[3]
Mrs. McHale would not be guilty of contributory negligence because she *408 failed to observe the dangerous condition of the dance floor unless she had a reason to apprehend the danger.[4] Such a question is generally for the jury to resolve.[5]
The evidence presented does not require finding in favor of the defendant on the issue of contributory negligence, thus, the lower court was correct in submitting the question to the jury.
Having examined and considered all the points presented and finding no reversible error, the judgment appealed is affirmed.
Affirmed.

. McNulty v. Hurley, FIa.1957, 97 So.2d 185; Wallace v. Boca Raton Properties, Fla.App.1958, 99 So.2d 637.

. First Federal Savings & Loan Ass’n v. Wylie, Fla.1950, 46 So.2d 396; Florida Coastal Theatres v. Belflower, 159 Fla. 741, 32 So.2d 738 (1947).

. Andrews v. Goetz, Fla.App.1958, 104 So.2d 653.

. Mertz v. Krueger, Fla.1952, 58 So.2d 160; First Federal Savings & Loan Ass’n v. Wylie, supra, note 2.

. Harvey Building, Inc. v. Haley, Fla.1965, 175 So.2d 780; First Federal Savings & Loan Ass’n v. Wylie, supra, note 2.