NATHAN, Judge.
This is an interlocutory appeal by the defendant, Goldberg, from an order of the trial court granting plaintiff McCabe’s motion for summary judgment as to liability in an action for personal injuries.
Plaintiff McCabe alleges that while walking a dog at night in an unlighted area as a guest or invitee on the defendant’s premises, she fell into a hole approximately three feet wide caused by deterioration of the ground above and around a septic tank and as a result thereof sustained serious injuries. The defendant answered, denied negligence and asserted comparative negligence. Defendant’s manager on the premises testified on deposition that she was advised that the hole was there during the day of the incident and that she had covered it with a heavy air conditioner grating shortly before the plaintiff’s fall. At the time of plaintiff’s fall there was no grating at or near the hole.
The defendant contends that based upon the facts presented, it was error for the trial court to grant summary judgment as to liability. We agree. The general rule is that the issue of negligence is to be determined by the jury rather than the judge. Maury v. City Stores Company, Fla.App.1968, 214 So.2d 776. As a general rule, where, as here, the case is extremely close on the question of negligence as between the respective parties, doubt should always be resolved in favor of a jury trial. Strickland v. Bradford County Hospital Corporation, Fla.App.1967, 196 So.2d 765., See also Jones v. Crews, Fla.App.1967, 204 So.2d 24.
Accordingly, the summary judgment is reversed.