338 So.2d 1143 (1976)
Joseph LeMAY and Estelle LeMay, His Wife, Appellants,
v.
U.S.H. PROPERTIES, INC., et al., Appellees.
No. 76-1089.
District Court of Appeal of Florida, Second District.
November 10, 1976.
Larry G. Rightmyer, St. Petersburg, for appellants.
James R. Lyle and C. Bryant Boydstun, Jr., of Lyle, Skipper, Wood & Anderson, St. Petersburg, for appellees U.S.H. Properties, Inc. and Travelers Indem. Co.
PER CURIAM.
Appellants appeal the dismissal of their complaint with prejudice for failure to state a cause of action in this slip-and-fall negligence case. We reverse.
While the order of dismissal is silent as to the specific infirmity which the court found in the complaint, the briefs of the parties fairly zero in on the issue of "obscurity" of the defect causing the fall. That is to say, whether the complaint sufficiently alleged facts relating to a hidden danger as to give rise to some duty owed by defendants/appellees U.S.H. Properties, Inc., covered by Travelers Indemnity Company, and Frank R. Mudano, covered by Continental Casualty Company. The pertinent allegations are as follows:
"In 1974 and 1975 the Defendant, FRANK R. MUDANO, an architect, designed a shopping center mall located in Pinellas County, Florida, known as Countryside Mall. Said design was inherently unsafe as a result of the negligent design of FRANK R. MUDANO. The unsafe condition arises out of the different floor *1144 levels in the mall center without adequate warning, notice, railings, or any other safety devise in order to warn people of a different level and/or steps.
"* * *
"The Defendant, U.S.H. PROPERTIES, INC., at all times pertinent hereto owned, was in exclusive possession of, and control the real property upon which the incident herein complained of occurred known as Countryside Mall. The Defendant, U.S.H. PROPERTIES, INC., negligently maintained, controlled, and operated the mall by knowingly providing an environment whereby the attention of the Plaintiffs as well as all other patrons is designed to be detracted from the floor and attracted to the various store fronts along the mall. U.S.H. PROPERTIES, INC. disregarded it duty to maintain the corridors of Countryside Mall in a reasonable condition and maintain a dangerous, unsafe, and obscure series of steps in the corridors of Countryside Mall. This Defendant further knowingly maintained the mall with the steps as above set forth which steps were obscured by all being the same color as the surrounding floor surface with no handrailings being provided and no notice, visual or otherwise, being given to the Plaintiffs of a difference in the floor elevation or that steps are present. There was no noticeable difference in color between the step risers, treads, and surrounding floor surfaces; the condition constituted a hidden and dangerous defect for which no warning was given. This Defendant was put on notice that the dangerous situation existed because of other people having fallen in the same place. The steps are situated at various places in the mall area at random locations and are two and three in number depending on the particular location. At some of the locations ramps are provided beside the steps; however, the ramps are separated from the steps by concrete walls and planters. The elevation changes in steps constitute a hidden danger of which this Defendant knew or should have known and which would not be noticed under normal conditions by patrons including the Plaintiffs at Countryside Mall. This Defendant owed a duty to the Plaintiffs to maintain a safe mall free of defects and to give notice of elevation changes as well as steps.
"* * *
"The negligent condition as hereinabove stated was known to all of the Defendants or had existed for a sufficient length of time so that said Defendants should have known of it.
"The Plaintiffs were on the property as a business invitee for the purpose of shopping and general use of the mall.
"As a result of the negligence of all the Defendants hereinabove stated, the Plaintiff, ESTELLE LeMAY, on or about September 13, 1975, as a result of falling in the Countryside Mall, was injured in about her body and extremeties."
As against U.S.H. Properties, Inc., we are of the view that sufficient facts are alleged to give rise to a triable issue, requiring a response, as to whether the condition complained of was so "concealed" or "hidden" as reasonably to require a warning or other protective measures. While the law is clear that there is no duty to warn of an obvious condition, not in itself dangerous, it appears equally well settled that there is a duty to warn of an obscure condition. Pensacola Restaurant Supply Company v. Davison, 266 So.2d 682 (Fla. 1st DCA 1972); Milby v. Pace Pontiac, Inc., 176 So.2d 554 (Fla. 2d DCA 1965).
As against the architect, Mudano, we are also of the view that the complaint states a cause of action. In Conklin v. Cohen, 287 So.2d 56 (Fla. 1973), the Supreme Court quoted with approval the statement of the Fourth District Court of Appeal in Geer v. Bennett, 237 So.2d 311 (Fla. 4th DCA 1970):
"The law applicable to an architect's liability for personal injury or death may be summarized as follows. An architect may be liable for negligence in failing to exercise the ordinary skill of his profession, which results in the erection of an unsafe structure whereby anybody lawfully *1145 on the premises is injured. Possible liability for negligence resulting in personal injuries may be based upon their supervisory activities, or upon defects in the plans or both. Their possible liability is not limited to the owner who employed them. Privity of contract is not a prerequisite to liability. They are under a duty to exercise such reasonable care, technical skill and ability, and diligence as are ordinarily required of architects in the course of their plans, inspections and supervisions during construction for the protection of any person who foreseeably and with reasonable certainty might be injured by their failure to do so."
The complaint sufficiently alleges that negligent design by the architect was a cause of the injury.
In view whereof the judgment appealed from should be, and the same is hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith.
McNULTY, C.J., and HOBSON and SCHEB, JJ., concur.