350 So.2d 814 (1977)
Joseph Bernard McCABE, Jr., a Minor, by and through His Mother and Next Friend, Jayne Flanigan, and Jayne Flanigan, Individually, Appellants,
v.
WALT DISNEY WORLD CO., a Delaware Corporation Authorized to Do Business in the State of Florida, Wed Enterprises, Inc., a Foreign Corporation, and Mapo Inc., a Foreign Corporation, Appellees.
No. 76-1996.
District Court of Appeal of Florida, Fourth District.
October 11, 1977.
Perry S. Itkin, of Gibbs & Itkin, Fort Lauderdale, for appellants.
John L. O'Donnell, Jr., of Helliwell, Melrose & DeWolf, Orlando, for appellees.
*815 CROSS, Judge.
Appellants, Joseph McCabe, Jr., and Jayne Flanigan, his mother, appeal entry of summary final judgment entered in favor of appellee, Walt Disney World, in an action to recover damages for personal injuries. We reverse.
Appellant, Joseph (Jobie) McCabe, Jr., a minor, by and through his mother, Jayne Flanigan, instituted suit to recover damages for personal injuries received when Jobie fell over a low railing while engaged in "horseplay" with several friends while inside an attraction at Walt Disney World known as the "Haunted Mansion." The record discloses that Jobie, then aged 15, and several friends, all of whom were participants in an all-day excursion to Disney World sponsored by Plantation High School, voluntarily left the small cars used to transport passengers through the attraction despite a recorded warning not to do so, and were engaged in boisterous conduct along the route traveled by these small cars. In an area known as the "seance circle," Jobie went over a low wall which separated the staged scene from the route traveled by the cars, fell fifteen feet to a concrete floor below and was severely injured. After lengthy pleadings and exhaustive discovery, the trial court, upon motion by the appellee, entered summary judgment on the ground that Jobie was the sole proximate cause of the injuries received. This appeal followed.
Summary judgment may properly be granted in negligence cases only where the moving party has successfully met his burden of proving the absence of a genuine issue of material fact. Holl v. Talcott, 191 So.2d 40 (Fla. 1966); Grall v. Risden, 167 So.2d 610 (Fla. 2d DCA 1964), cert. denied 174 So.2d 736 (Fla. 1965). However, the existence of negligence or contributory negligence is ordinarily a question for the jury, and courts should be cautious in granting summary judgment in negligence cases. Holl v. Talcott, supra. This is true even where there is no conflict in the evidence, provided that inferences reasonably deducible therefrom cast doubt upon material issues. Booth v. Mary Carter Paint Company, 182 So.2d 292 (Fla. 2d DCA 1966). Whenever questions of negligence or contributory negligence are close, any doubt should always be resolved in favor of a jury trial. Beikirch v. City of Jacksonville Beach, 159 So.2d 898 (Fla. 1st DCA 1964).
The record discloses that several material issues of fact exist in the case sub judice which should be decided by a jury after a full hearing on the merits. Of particular importance is the question of whether the appellant, McCabe, held the status of a "public invitee" or that of a "trespasser" at the moment of injury because the determination of the status defines the scope of the duty owed by the appellee. Such questions are particularly appropriate for a determination by the finder of fact. Heath v. First Baptist Church, 341 So.2d 265 (Fla. 2d DCA 1977). Moreover, the question of whether the alleged defective excursion car was the proximate cause of the injury sustained is inappropriate for a determination by summary judgment, since questions of proximate cause must generally be resolved by the trier of fact from all the facts and circumstances in a particular case. Leib v. City of Tampa, 326 So.2d 52 (Fla. 2d DCA 1976).
Material questions as to the propriety of the design of the "seance circle" setting in the Haunted Mansion attraction and the adequacy of the lighting have been placed into issue by the allegation of the existence of a hazardous condition which also precludes entry of summary judgment. Fletcher v. Petman Enterprises, Inc., 324 So.2d 135 (Fla. 3d DCA 1976). Further, the question of whether the alleged hazardous condition was so concealed or hidden as reasonably to require a warning or other protective measure, and whether that duty to warn has been fulfilled are proper questions for a jury determination. LeMay v. U.S.H. Properties, Inc., 338 So.2d 1143 (Fla. 2d DCA 1976); Heath v. First Baptist Church, supra.
Finally, the questions of whether the appellant himself was contributorily negligent or whether he had assumed the risk of *816 injury through his conduct must be decided by a jury. Rea v. Leadership Housing, Inc., 312 So.2d 818 (Fla. 4th DCA 1975). Such issues, now categorized under the rubric of comparative negligence, are seldom appropriate for determination through the vehicle of summary judgment.
In short, the questions of the negligence of the appellee and the comparative negligence of the appellant are material issues of fact which exist so as to preclude entry of summary judgment. Goldberg v. McCabe, 313 So.2d 47 (Fla. 3d DCA 1975).
Accordingly, the summary final judgment is reversed and the cause remanded for further proceedings consistent with the views herein expressed.
Reversed and remanded.
ALDERMAN, C.J., and DAUKSCH, J., concur.