WALDEN, Judge.
This was an action for personal injuries. Summary final judgment was entered in favor of Defendant, City of Sunrise. Plaintiff appeals. We reverse and remand.
The undisputed facts reveal that in February, 1980, the Plaintiff, Shirley Passaro, took her son, Erik, age 3, to an athletic event at Dawson Field which was owned and maintained by Defendant, City of Sunrise. At that time, one of the wooden seats from the bleachers had been removed, leaving a metal support in place. At that time, while within an arm’s length of the Plaintiff, Shirley Passaro, her son, Erik, stepping where the missing board should have been, fell through the bleachers, striking his head on one of the metal supports.
The Plaintiff had noticed on one prior occasion that the bleacher seat was missing several days before the accident, but the accident happened within seconds of the time she arrived with her son, Erik on this second occasion. Shirley Passaro testified that she was within an arm’s reach of her son the entire time, and in fact, when he fell, hitting his head on the brace, she grabbed him before he ever struck the ground.
Based on the foregoing, Plaintiff, Shirley Passaro, individually, and as mother and next friend of Erik Passaro, a minor, brought suit for damages against the Defendant, City of Sunrise, Florida. The City filed its answer and counter claim wherein it generally denied responsibility, plead that Plaintiff, Shirley Passaro, was guilty of negligence in the care and supervision of her son Erik, which negligence bars or comparatively limits the Plaintiff’s right to recover. In its counter claim the city asked for contribution per Section 768.31, Florida Statutes (1981).
After discovery which revealed the foregoing facts the trial court granted the City’s motion for summary judgment and entered summary final judgment in favor of the Defendant, City of Sunrise, and against the Plaintiff.
In our opinion the case was not suitable for summary judgment disposition because there were existent genuine issues of material fact. Florida Rules of Civil Procedure 1.510(c). There was an issue as to the negligence of the Defendant, City of Sunrise, in maintaining defective bleachers which were open for public use and this is true even though Plaintiff had knowledge of the defect consisting of the missing seat. Pittman v. Volusia County, 380 So.2d 1192 (Fla. 5th DCA 1980). There was an issue as to the negligence of Plaintiff, Shirley Passaro, in the supervision of her minor son even though she testified that he was within an arm’s length from her at all times. See Orlando Sports Stadium v. Gerzel, 397 So.2d 370, 371 (Fla. 5th DCA 1981). Even more importantly, there is an issue as to the comparative negligence of the respective parties and the contribution to be made under § 768.31 Florida Statutes (1981). Hoffman v. Jones, 280 So.2d 431 (Fla.1973) and Goldberg v. McCabe, 313 So.2d 47 (Fla. 3d DCA 1975).
In our view the foregoing issues are properly issues for the jury.
Reversed and remanded for further proceedings.
HURLEY and DELL, JJ., concur.