Christopher William LEENEN, a minor, By and Through Joseph LEENEN and Rona Leenen, as parents, next friends, and natural legal guardians; and Joseph Leenen and Rona Leenen, individually, Plaintiffs,

v.

RUTTGERS OCEAN BEACH LODGE, LTD., a Florida partnership, Defendant.

No. 87–10004–CIV.

United States District Court, S.D. Florida, Miami Division.

June 24, 1987.

Joel D. Fogel, Miami, Fla., for plaintiffs.

James A. Walker, Marlow, Shofi, Connell, Demahy, Valerius, Abrams, Lowe & Adler, Miami, Fla., for defendant.

## ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO STRIKE

JAMES LAWRENCE KING, Chief Judge.

This cause comes before the court upon the motions of the defendant, Ruttgers Ocean Beach Lodge, Ltd., to dismiss this diversity action and to strike certain allegations. The plaintiffs allege in their complaint that Christopher William Leenen was born with cerebral palsy as a proximate result of Rona Leenen's exposure to superheated water in a hot tub owned an operated by the defendant. The plaintiffs further allege that Christopher's injury was the result of the defendant's negligence.

## I. MOTION TO DISMISS

■ The defendant first asserts that this action should be dismissed because Ruttgers Ocean Beach Lodge, Ltd., is in receivership, and before a receiver can be sued, permission must be obtained from the court appointing him. In this action, the plaintiffs are not suing the receiver. Instead, they are suing Ruttgers Ocean Beach Lodge, Ltd., which is in receivership. As a general rule, receivership does not prevent commencement or prosecution to judgment of an action against an entity when a receiver has been appointed over the entity's property.

■ Secondly, the defendant asserts that a partnership cannot be sued in its partnership name. Florida Statute § 620.30 excepts limited partnerships from the general rule that partnerships cannot be named as parties. *Chase Lincoln First Bank, N.A. v. Borinquen, Ltd.*, 494 So.2d 295 (Fla. 3rd DCA 1986). The style of this case indicates that the defendant is a limited partnership, and the plaintiffs stated in their response to the motion to dismiss that the defendant is a limited partnership. The complaint does not contain an express allegation that the defendant is a limited partnership, however. The plaintiff should correct this technical defect by filing an amended complaint.

■ Thirdly, the defendant claims this action is barred by Florida's statute of limitations, Fla.Stat. 95.11(3)(a), which provides that an action founded on negligence must be commenced within four years of when the cause of action accrues. This argument lacks merit, because the Leenens' cause of action accrued upon or after Christopher's birth, which occurred less than four years prior to the commencement of this action. The defendants contend that the cause of action accrued when Rona Leenen realized the water in the hot tub owned by the defendant was overheated. This occurred more than four years before this action was commenced.

"A cause of action cannot be said to have accrued, within the meaning of [the statute of limitations], until an action can be instituted thereon." *Drake v. Island Community Church, Inc.*, 462 So.2d 1142, 1144 (Fla. 3rd DCA 1984), *quoting Berger v. Jackson*, 156 Fla. 251, 256–60, 23 So.2d 265, 269 (1945). This action could not have been brought prior to Christopher's birth, because the pleadings do not suggest that there was any indication prior to his birth that he had been injured. Injury is an element of negligence which must be pleaded in the complaint. *Paterson v. Deeb*, 472 So.2d 1210 (Fla. 1st DCA 1985).

As its final basis for its motion to dismiss, Ruttgers Ocean Beach Lodge, Ltd., contends that the commencement in state court of litigation involving the same events that are the subject of this action prior to the commencement of this action necessitates dismissal of this action with prejudice. To support this proposition, the defendant cites *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169 (11th Cir.1982), in which the Eleventh Circuit Court of Appeals affirmed an order of this court dismissing an action because a similar action was pending in a state court.

■ This case differs significantly from *Haydu*. In *Haydu*, the state court had entered a judgment on liability issues and had scheduled a trial on damages issues before this court dismissed the federal court action. Dismissal of the federal court action was compelled as a matter of

practicality and judicial economy. In contrast, the only action taken so far in the Leenens' state court case has been the filing of the complaint and of a motion to dismiss or abate. Thus, judicial economy does not mandate dismissal of this action. Abstention from the exercise of federal jurisdiction is the exception, not the rule.

> The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest.

*Colorado River Water Conservation District v. United States,* 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976), quoting *County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 188–89, 79 S.Ct. 1060, 1063, 3 L.Ed.2d 1163, 1166 (1959). *Colorado River* sets out the categories of exceptional circumstances that justify dismissal of a federal court case when a parallel state court case is ongoing. None of those circumstances exists in this case.

## II. MOTION TO STRIKE

■ The defendant seeks to strike Paragraph 8(d) of the Complaint, in which the plaintiffs allege the defendant breached its duty to warn the plaintiffs and others of the dangers inherent in the hot tub that was on its premises. The defendant contends that when a plaintiff alleges the owner of the premises had a duty to warn, he must also allege that the owner had actual or constructive knowledge of a dangerous condition on the premises. Florida law supports this proposition. *See Country Club of Coral Gables v. McHale,* 188 So.2d 405 (Fla. 3rd DCA 1966); *Sadowsky v. Levine,* 135 So.2d 776 (Fla. 3rd DCA 1961). Thus, Paragraph 8(d) of the complaint must be stricken.

■ The defendant next seeks to strike Paragraph 8(f) of the Complaint, which alleges the defendant was negligent in committing "other acts of negligence not yet determined." This allegation fails to meet the requirements of notice pleading. The defendant could not reasonably be expected to frame a responsive pleading to this allegation or to defend against it. This allegation does not constitute a short and plain statement of the claim, as required by Fed. R.Civ.P. 8(a)(2).

■ Finally, the defendant seeks to strike the plaintiffs' claim for pre- and post-judgment interest. In tort actions, pre-judgment interest cannot be awarded, because the amount and measure of damages is largely discretionary with the jury, and the damages are consequently unliquidated until trial. *Argonaut Insurance Co. v. May Plumbing Co.,* 474 So.2d 212 (Fla. 1985); *Southeast Title and Insurance Co. v. Austin,* 202 So.2d 179 (Fla.1967); *Smith v. Dunning,* 467 So.2d 465 (Fla. 5th DCA 1985).

■ Additionally, Fla.Stat. § 55.03(1) provides for post-judgment interest as a matter of right and a claim for post-judgment interest need not be pleaded in the Complaint.

Accordingly, upon the defendant's motions, and the court being fully advised, it is

ORDERED AND ADJUDGED that the motion to dismiss be, and the same is, DENIED. The plaintiffs, however, shall file and serve an amended complaint within twenty days of the date of this order alleging that the defendant is a limited partnership, if they can do so in good faith.

Further ORDERED AND ADJUDGED that the motion to strike be, and the same is, GRANTED without prejudice, as to paragraphs 8(d) and 8(f) of the Complaint. The plaintiffs will be allowed to file an amended complaint within 20 days of the date of this order.

Further ORDERED AND ADJUDGED that the motion to strike be, and the same

is, GRANTED with prejudice, as to the claims for pre- and post-judgment interest.