STONE, Judge,
concurring in part and dissenting in part.
I concur in the certified question, but dissent as to the balance of the opinion.
There is no reason to extend Kuehner v. Green, 436 So.2d 78 (Fla.1983), and the absolute bar of an express assumption of risk to these facts. The activity of diving into a lake is not analogous to participation in a contact sport. The issue for the jury is one of comparative negligence. It should be treated simply as a circumstance of ignoring a dangerous condition. The contact sport exception to the rule of comparative negligence is based on a recognition that a participant consents to contact by others, who rely upon that consent in participating.
I would certify a conflict with Robbins v. Department of Natural Resources, 468 So.2d 1041 (Fla. 1st DCA 1985). It should also be noted that the plaintiff in Strickland v. Roberts, 382 So.2d 1338 (Fla. 5th DCA), rev. denied, 389 So.2d 1115 (Fla.1980), was water-skiing. The court considered this to be the equivalent of participating in a contact sport, given the manner in which they were skiing. I would, therefore, reverse. See generally Ashcroft v. Calder Race Course, Inc., 492 So.2d 1309 (Fla.1986); Auburn Machine Works Co. v. Jones, 366 So.2d 1167 (Fla.1979); Blackburn v. Dorta, 348 So.2d 287 (Fla.1977); Passaro v. City of Sunrise, 415 So.2d 162 (Fla. 4th DCA 1982).