533 So.2d 944 (1988)
Trevino O. HAYNES, Etc., et al., Appellants,
v.
L.F. LLOYD d/b/a Oak Park Builders, Inc., Appellee.
No. 88-143.
District Court of Appeal of Florida, Fifth District.
November 23, 1988.
*945 Gary E. Doane of Hightower and Doane, Orlando, for appellants.
Cynthia Z. MacKinnon and Chris Ballentine of Fisher, Rushmer, Werrenrath, Keiner, Wack & Kickson, P.A., Orlando, for appellee.
COWART, Judge.
This case involves a summary judgment, premises liability, and constructive notice as to a dangerous condition.
Appellant, a four and one-half year old child visiting a tenant at apartments owned by appellee-landlord, fell from a tree and cut his arm on a piece of broken glass that was on the ground. In an action alleging that the landlord was negligent in maintaining the apartment premises, the trial court granted summary judgment in favor of the landlord, citing Cassel v. Price, 396 So.2d 258 (Fla. 1st DCA 1981), rev. denied, 407 So.2d 1102 (Fla. 1981).
Although Cassel, supra, also involves a child injured by falling from a tree, that case is not relevant here because we can, and do, rule as a matter of law that broken glass known to be on the ground where young children are known to play, constitutes a dangerous condition. We also hold that section 83.51(2)(a)3., Florida Statutes, which states that a landlord has a duty to keep common areas in safe condition, is not particularly relevant here because that statute merely restates the landlord's common law duty as it would exist in the absence of a statute.
*946 An owner of real property is not an insurer of the safety of persons on the property, nor is the owner strictly liable, or liable per se without fault, for injuries resulting from dangerous conditions on owned property. The crux of the cause of action for premises liability is not legal title or ownership, but the failure of a person who is in actual possession and control (be it the owner, an agent, a lessee, a construction contractor, or other possessor with authority and control), to use due care to warn or to exclude, licensees and invitees from areas known to the possessor to be dangerous because of operations or activities or conditions.[1]
The possessor of real property has no legal duty to constantly know of all existing dangerous conditions on the property and there is no legal evidentiary presumption of such knowledge. A plaintiff asserting a cause of action based on premises liability must, among other things, plead and prove that the defendant possessor had actual knowledge of the dangerous condition before it caused the injury in question, or the plaintiff must plead and prove facts from which the trier of fact can reasonably infer constructive knowledge by the possessor of the dangerous operation, activity, or condition on the premises. This latter can be done by alleging and proving that the dangerous condition "existed for a sufficient length of time so that the defendant should have known of it."[2]
In this case, matters properly considered under Florida Rule of Civil Procedure 1.510(c) by the trial court at the hearing on the summary judgment showed that prior to the child's injury the landlord had no actual knowledge of the broken glass and further, there was absolutely no evidence as to the period of time that the broken glass had been under the tree before the child fell.[3] Hence, in this case, as *947 in Food Fair Stores of Florida, Inc. v. Patty, 109 So.2d 5 (Fla. 1959), there is no evidence from which the jury could reasonably infer constructive knowledge of the dangerous condition on the premises. There was no factual issue as to this material fact, the landlord was entitled to judgment as a matter of law and, therefore, the summary judgment in favor of the landlord is
AFFIRMED.
COBB, J., concurs.
GLICKSTEIN, H.S., Associate Judge, dissents with opinion.
GLICKSTEIN, H.S., Associate Judge, dissenting.
The trial court granted summary judgment against the plaintiff based on Cassel v. Price, 396 So.2d 258 (Fla. 1st DCA 1981), however, the majority affirms based on lack of notice to the defendant landlord as alleged in the motion for summary judgment. The majority also finds that certain testimony given by the landlord in a deposition was speculative and, as such, that no inference could arise in favor of the plaintiff to preclude summary judgment. I agree that Cassel is not applicable here, but respectfully disagree with the majority opinion and would reverse.
The plaintiff, who was four years of age at the time of the accident, was visiting his aunt who was a tenant of the appellee landlord. After climbing a tree, the plaintiff either jumped or was pushed from the tree, causing him to fall on broken glass beneath the tree.
Section 83.51(2)(a) provides:
(2)(a) Unless otherwise agreed in writing, in addition to the requirements of subsection (1), the landlord of a dwelling unit other than a single-family home or duplex shall, at all times during the tenancy, make reasonable provisions for:
* * * * * *
3. The clean and safe condition of common areas. (emphasis added)
It was established at oral argument that the building in question contained several units, and the statutory exclusion for duplex or single-family residences is not applicable. The landlord therefore had a statutory duty to maintain the premises in a clean and safe condition.
The landlord testified at deposition that it was the responsibility of an employee, Hezikiah, to clean up debris around the grounds every morning. The landlord's testimony, when shown a photograph of the debris around the tree, was that it was his conclusion that Hezikiah must not have picked up the debris that day. It is this testimony which the majority finds speculative because it is based upon a belief. However, it has been held that a party's conduct, so far as it indicates his own belief in the weakness of his cause, is admissible as an admission against interest. Gray v. Graham, 231 Va. 1, 341 S.E.2d 153, 158 (1986), citing Neece v. Neece, 104 Va. 343, 561 S.E. 739 (1905). See also, Knego v. Grover, 208 Cal. App.2d 134, 25 Cal. Rptr. 158, 164 (4th Dist.Ct.App. 1962) (in suit by beneficiaries against a husband under his wife's will, husband's testimony as to his belief of fact constitutes an admission against interest).
It was also established at oral argument that the accident occurred at noon or later. As Hezikiah was to pickup in the morning, there is a question as to whether the landlord should have known (i.e., had notice) that its duty had not been properly executed. Notice questions in negligence actions are generally questions of fact for the jury to determine. See, e.g., Nance v. Winn Dixie Stores, 436 So.2d 1075 (Fla. 3d DCA 1983), rev. den., 447 So.2d 889 (Fla. 1984).
In a motion for summary judgment, the movant has the burden to establish that there is no genuine issue concerning any material facts. Burroughs Corporation v. American Druggists Ins. Co., 450 So.2d 540 (Fla. 2d DCA 1984). If there is even the slightest doubt as to the existence of a genuine issue of fact, such doubt must be resolved against the moving party. Burroughs. When questions of negligence are close, a jury trial is the proper vehicle for determination of such questions. McCabe *948 v. Walt Disney World Co., 350 So.2d 814 (Fla. 4th DCA 1977). Where, as here, there are various inferences to be made and conclusions to be drawn concerning a particular issue, the matter should be submitted to a jury. Burroughs. I would reverse.
NOTES
[1] See generally, Bovis v. 7-Eleven, Inc., 505 So.2d 661 (Fla. 5th DCA 1987).
[2] Coudry v. City of Titusville, 438 So.2d 197 (Fla. 5th DCA 1983). This language is, in substance, from paragraph 5 of the Fall-Down Negligence Complaint, Form 1.951, Forms for use of the Rules of Civil Procedure, approved by the Supreme Court, 265 So.2d 25 at 42. See also W. Prosser & W. Keeton, The Law of Torts § 61 p. 426 (5th Ed. 1984); 5 F. Harper, F. James & O. Gray, The Law of Torts § 27.12 p. 238 n. 61 (2d Ed. 1986). In Sadowsky v. Levine, 135 So.2d 776 (Fla. 3d DCA 1962), cert. discharged, 151 So.2d 2 (Fla. 1963), it was stated:

Without any specific charge of knowledge upon the appellee-defendants and travelling upon the imputed knowledge by virtue of the existence of the dangerous condition, there must be some facts alleged to establish the period of time that the condition complained of existed, in order to demonstrate what opportunity the landlord had to discover the defect.
In Grizzard v. Colonial Stores, Inc., 330 So.2d 768 (Fla. 1st DCA 1976), the court stated that in a premises liability case, not involving actual knowledge on the part of the defendant, the plaintiff "must prove that the substance on the floor existed for a sufficient length of time to charge [the defendant] with constructive knowledge." See also Food Fair Stores of Florida, Inc. v. Patty, 109 So.2d 5 (Fla. 1959) and the dissent in Lantz v. Sears, Roebuck & Co., 528 So.2d 123 (Fla. 5th DCA 1988).
[3] The landlord testified on deposition that he had an employee named Hezikiah, who picked up around the apartments every morning, five days a week. As evidence that the glass was on the ground a period of time long enough to impute constructive knowledge to the landlord, appellant relies heavily on the landlord's answer to the following question on cross-examination:

Q. If this material is here as it appears in the photograph, is it your testimony that he [Hezikiah] must not have picked up that day?
A. Right.
This is a classic leading question which is nothing more than the questioner's assertion, agreed to by the landlord, that because the glass was there when the child fell on it obviously it had not been picked up by Hezikiah prior to that time. The question assumes that the glass was on the ground under the tree some time prior to the time Hezikiah was supposed to "pick-up" that morning. There is no evidence of that assumed fact. In the face of the positive evidence of the movant that the landlord had no pre-accident actual knowledge of the glass under the tree under Landers v. Milton, 370 So.2d 368 (Fla. 1979), it then became incumbent upon the plaintiff to come forward with some competent evidence creating a genuine issue of fact. The plaintiff could have met this burden in either of two ways, viz: (1) by showing some evidence contradictory of the landlord's testimony of lack of actual knowledge or (2) by showing some evidence of the period of time the glass was on the ground under the tree before the child's accident and injuries that could constitute the circumstantial factual basis for an inferentially based finding of the ultimate fact of constructive notice.