GOSHORN, Chief Judge.
This is an appeal of a summary final judgment in favor of W.D. Byrd, Carolyn Faye Byrd and Byrd’s Mobile Home Sales, Inc., a Florida corporation, in a consolidated action brought by the survivors of Sherbert W. Daniell, Jr. and James J. Willis who were killed when two flagpoles came in contact with a Florida Power and Light electrical line. We reverse.
Daniell and Willis were employed by Discount Boat and Marine, a business located on the opposite side of Highway 17 from Byrd’s Mobile Home Sales. On the morning of the accident, W.D. Byrd decided to replace two large American flags flown on either side of the entrance gate to his property. The flags were flown from two 20 foot metal poles mounted to PVC pipe which Byrd had bought and attached to fence posts. Byrd testified by deposition that he had replaced the flags without incident approximately three to four times each year for five years prior to the accident.
Byrd and employee Gordon Peck went out together to change the flags. Peck had his back to Byrd. Peck heard a buzz, turned and saw Byrd fall to the ground. Peck immediately surmised that Byrd had received an electrical shock and ran to get Byrd’s son, who administered CPR. Subsequently, sheriff’s deputies and an ambulance arrived and Byrd was taken to the hospital. According to Peck, both flags were left lying unmoved on the ground inside the fence when he left for the hospital to check on Byrd.
Jack Jenkins, owner of Discount Boat and Marine, saw a commotion across the street and sent Daniell to find out what had happened. Daniell returned, stating that Byrd had suffered a heart attack. About 45 minutes later, after all the commotion had subsided, Daniell and Willis, looking across the highway, saw the two American flags lying on the ground and decided to put them up. Jenkins had his back to the window and did not observe Daniell and Willis as they hoisted the flags. When he turned back toward the highway he could not see either of them. A moment later he saw people running and immediately realized that something had happened. Emergency personnel responding to a call observed Willis and Daniell lying on the ground just outside the fence. Daniell was still breathing (he died the next day); Willis was already dead. The record in the case contains conflicting evidence as to whether Florida Power and Light had added a new and lower power line to the pole in front of Byrd’s property approximately two weeks prior to the accident.
Initially we observe that summary judgment is inappropriate unless the facts of a case are so crystallized that disposition of questions of law are all that remain for a trial court to determine. Bess v. 17545 Collins Avenue, Inc., 98 So.2d 490 (Fla.1957). Even if there is no conflict in *286 the evidence, a motion for summary judgment should be denied where inferences reasonably deducible from the evidence cast doubt on the issue of negligence. McCabe v. Walt Disney World Co., 350 So.2d 814 (Fla.4th DCA 1977); Booth v. Mary Carter Paint Company, 182 So.2d 292 (Fla.2d DCA 1966).
Our review of the record forces us to the conclusion that there are several factual issues and reasonable inferences arising therefrom that must be resolved by the trier of fact and consequently summary judgment is inappropriate. Among the factual issues to be resolved are:
1. Whether Daniell and Willis were on Byrd’s property at the time of the accident.
a. If not, whether the property was under the possession or control of Byrd. Haynes v. Lloyd, 533 So.2d 944 (Fla.5th DCA 1988). 43 Fla.Jur.2d Premises Liability § 3 (1983).
b. If so, whether Daniell and Willis were trespassers, licensees or invitees. It is well established that a landowner’s duty to an injured plaintiff depends upon the plaintiff’s status on the property. The factual determination of the status of an individual coming onto another’s land constitutes a jury question. Post v. Lunney, 261 So.2d 146 (Fla.1972); McCabe v. Walt Disney World Co., 350 So.2d 814 (Fla. 4th DCA 1977).
2. Whether Daniell and Willis’ actions were foreseeable. Foreseeability is a question to be determined by the finder of fact Lopez v. Life Insurance Company of America, 406 So.2d 1155 (Fla.4th DCA 1981), approved sub nom. Life Insurance Company of Georgia v. Lopez, 443 So.2d 947 (Fla.1983).
3. Whether actions or inactions of third parties after Byrd was taken to the hospital constituted an intervening cause absolving Byrd from liability. Gibson v. Avis Rent-A-Car, 386 So.2d 520 (Fla.1980).
For these reasons the summary judgment is reversed and the cause is remanded.
REVERSED and REMANDED.
DAUKSCH and PETERSON, JJ., concur.