598 So.2d 287 (1992)
4444 CORPORATION, Appellant,
v.
The CITY OF ORLANDO, Florida, a municipal corporation in the State of Florida; City of Orlando Code Enforcement Board and Lake Eola Historic District, agencies of the City of Orlando, Florida, Appellees.
No. 91-1345.
District Court of Appeal of Florida, Fifth District.
May 15, 1992.
Will J. Richardson, Richardson Law Offices, P.A., Tallahassee, for appellant.
Roy K. Payne, Asst. City Atty., City of Orlando, Orlando, for appellee City of Orlando.
No Appearance for appellees City of Orlando Code Enforcement Bd. and Lake Eola Historic Dist., etc.
JOHNSON, W.C., Jr., Associate Judge.
Appellant 4444 Corporation ("4444") appeals the entry of a Final Summary Judgment in favor of the appellee City of Orlando (the "City"). We reverse.
In 1985 and 1986, 4444 purchased two adjacent parcels of land containing nine lots located in the City. Subsequently, on May 22, 1989, the City established by ordinance the Lake Eola Heights Historic District. These parcels are within that district. In July 1989, the Orlando Code Enforcement Board (the "Board") ordered 4444 to either demolish or restore two of these buildings, and to restore the other three buildings because they were all structurally unsound.
In December 1989, 4444 applied for a certificate of appropriateness to demolish all five buildings. The Orlando Historic Preservation Board denied this certificate and 4444 appealed the denial to the Orlando City Commission. In January, 1990, the Commission again denied 4444 the right to demolish its buildings. The Board then *288 ordered 4444 to restore all five buildings to comply with the current Orlando building code or pay a fine of $250 per day per building until they were brought into compliance. 4444 appealed the order of the Board to the circuit court in a separate action which remains pending.
4444 then filed an action in inverse condemnation in circuit court alleging that the denial of the certificate of appropriateness and the refusal to allow demolition of its buildings deprived it of the beneficial use of its property. In November 1990, the trial court entered an order that dismissed the amended complaint, with prejudice, against the Historic Preservation Board and the Board. In May 1991, the trial court granted Final Summary Judgment.
Three questions are raised on appeal: (1) Whether the trial court erred in granting summary judgment because it failed to consider whether there had been a taking; (2) Whether the City failed to prove the absence of disputed issues of fact; and (3) Whether the trial court erred in dismissing 4444's claim under the Fifth and Fourteenth Amendments to the Constitution of the United States.
We answer all three questions in the affirmative.
A movant for summary judgment has the initial burden of demonstrating the nonexistence of any genuine issue of material fact. Landers v. Milton, 370 So.2d 368 (Fla. 1979). Summary judgment is inappropriate unless the facts of the case are so crystallized that disposition of questions of law are all that remain for the trial court to determine. Bess v. 17545 Collins Avenue, Inc., 98 So.2d 490 (Fla. 1957); Florida Power & Light Co. v. Daniell, 591 So.2d 284 (Fla. 5th DCA 1991). Even if there is no conflict in the evidence, a motion for summary judgment should be denied where inferences reasonably deducible from the evidence cast doubt on the issue. McCabe v. Walt Disney World Co., 350 So.2d 814 (Fla. 4th DCA 1977); Booth v. Mary Carter Paint Co., 182 So.2d 292 (Fla. 2d DCA 1966).
Our review of the record establishes the existence of a number of unresolved factual issues. These issues must be fully heard and a complete record developed before the trier of fact can judicially determine them and whether or not a taking has occurred.
Among these issues are:
1. What is the impact of the government action on investment backed expectations?
2. Will the owner be able to achieve a reasonable return?
3. Has a taking occurred?
4. If the owner is unable to earn a reasonable return, what is his loss and the extent of the taking?
5. Has the owner been denied the economically viable use of his property?
6. What could the owner have done with the property before the Historical District was created and its regulations superimposed on its property?
See Nollan v. California Coastal Commission, 483 U.S. 825, 107 S.Ct. 3141, 97 L.Ed.2d 677 (1987); Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985); Penn Central Transportation Co. v. City of New York, 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1978); Benenson v. United States, 548 F.2d 939 (Ct.Cl. 1977); Graham v. Estuary Properties, Inc., 399 So.2d 1374 (Fla.), rev. denied, 454 U.S. 1083, 102 S.Ct. 640, 70 L.Ed.2d 618 (1981).
We conclude that the City failed to carry its burden and there is insufficient evidence before the court to grant summary judgment. The summary judgment was improperly and prematurely entered.
REVERSED; REMANDED for further proceedings consistent with this opinion.
DAUKSCH and COBB, JJ., concur.