PER CURIAM.
We redesignate this appeal as one from a nonfinal order questioning the award of statutory interest on arrearages owed to the former wife by the former husband. We remand for the trial court to correct its order ratifying the general master’s report to reflect the revised interest rate that applies to judgments obtained on or after January 1, 1995, for which interest predating said date is due. See § 55.03, Fla. Stat. (1995).
The general master’s report provides that the former wife is entitled to 12% statutory interest on the arrearages owed by the former husband dating back “to the first determination of arrearage by this Court, to wit, $32,170.00 arrears, determined by Court Order of June 21, 1991.” As such she is entitled to total statutory interest of $11,979.07 in addition to the $38,600 child support ar-rearage principal balance.
The former husband filed exceptions to the general master report noting that the recommendations incorrectly state that interest on the arrearage refer back to June 21, 1991, while the transcript shows that the date for interest to accrue is February 25,1994. The trial court ratified and approved the general master’s report.
The statutory interest rate changed between 1994 and 1995. A judgment entered on or after October 1, 1981, was to bear interest at 12% per year. Section 55.03 was amended to tie the statutory interest rate to the average discount rate of the Federal Reserve Bank of New York as set by the Comptroller. Effective January 1, 1995, the rate was 8%. The statute provides that judgments obtained on or after January 1, 1995, shall use the previous statutory rate for time periods before January 1, 1995, for which interest is due and shall apply the new rate from time periods after January 1, 1995. The former wife concedes that at the very least, the case must be remanded since the order provides that the 12% interest rate applies to all of the arrears herein.
*1063 The former husband argues that interest should accrue from February 1994, not from June 1991 as ordered. We are not persuaded by the former husband’s argument. Unlike a request for attorney’s fees,[1] nothing in the statute or case law requires any specific pleading by a movant for statutory interest. Recently, in Auto Owners Insurance Co. v. Clark, 676 So.2d 3, 4 (Fla. 4th DCA 1996), this court commented as follows: “Lastly, we point out that section 55.03(1), Florida Statutes (1993), requires that a judgment bear interest.” In Leenen v. Ruttgers Ocean Beach Lodge, Ltd., 662 F.Supp. 240, 242 (S.D.Fla.1987), the court held that because Florida law provides for postjudgment interest as a matter of right, a claim for postjudgment interest need not be pleaded.
We find no error in permitting the interest to be calculated from June 1991. There is no dispute that the former husband has been directed to pay specified amounts from at least June 1991 forward. While we do not know whether all such directives were in the form of judgments, nonetheless, for purposes of enforcement any orders requiring payment or establishing arrears would be final. See, e.g., Joannou v. Corsini, 543 So.2d 308 (Fla. 4th DCA 1989); City of Haines City v. Allen, 549 So.2d 678 (Fla. 2d DCA 1989).
GUNTHER, C.J., and GLICKSTEIN and SHAHOOD, JJ., concur.

. Stockman v. Downs, 573 So.2d 835 (Fla.1991).