ARTHUR M. WEBB and LUCIE WEBB, Appellants, v. ROBERT WEBB, SR., and MARY J. HOWARTH, Appellees.

199 So. 343
Division A
Opinion Filed December 10, 1940
Rehearing Denied January 11, 1941

*Joanna Vermilye,* for Appellants;

*Russell O. Morrow,* for Appellees.

PER CURIAM.—Appeal brings for review final decree cancelling certain deeds in which decree the chancellor said,

"It is the conclusion of the Court that the evidence fails to show insanity within the meaning of the statutory lunacy proceedings, and fails to show sufficient intentional undue influence on the part of either of the children, or any one else as against the father, which standing alone would warrant granting relief. Nevertheless, the evidence does show an obvious mental weakness on the part of Robert Webb, Sr., who appeared before the court on several occasions and testified.

"It seems quite clear that Robert Webb, Sr., had a pronounced mental weakness that caused him, and still causes him, to be wholly unable to comprehend the effect and nature of transactions involving the execution of deeds and the sale of real property, and that this mental weakness was accompanied by imposition on Robert Webb, Sr., in connection with the execution of the two deeds. I am satisfied that he never had the slightest intention at the time of signing the two deeds of conveying the property to his son or to any one else. He did not realize that he was parting with the property. He did not comprehend then or thereafter, that he was giving away the land described in the two deeds. He still thinks he owns it. Therefore, in the light of this record, the Court finds that these two conveyances should be set aside.

"As to the parcel of land described in the agreement for deed bearing date July 27, 1938, Robert Webb, Sr., also failed to understand the nature of that transaction. How-

ever, even though he was willing to sell the property for $300.00, a sale was effectuated for $1200.00. The sale was fair to all concerned. No imposition enters into the transaction at all. The same mental weakness existed as in the two conveyances, but the agreement should not be set aside, as there was no imposition and no sufficient undue influence.

"It is, therefore, the conclusion of the Court that the two conveyances should be set aside with a provision that the lien of the mortgage of the Lake Worth First Savings & Loan Association should remain a first lien on the property. The transaction in connection with the agreement for deed should be approved, and the proceeds of the sale paid to the curator."

Appellant challenges the sufficiency of the pleadings and proof to sustain the decree.

The record has been examined and considered. The pleadings are adequate to present the issues sought to be determined.

There is ample and substantial testimony to support the decree, which on a consideration of the whole record does not appear to be erroneous; therefore, it should not be reversed by this Court.

Decree affirmed.

So ordered.

Affirmed.

TERRELL, C. J., BUFORD, THOMAS and ADAMS, J. J., concur.