HOBSON, Justice.
Plaintiff prosecutes this appeal from an adversé final decree in a suit which he brought to rescind a sale of homestead property to appellees, defendants below. The case was referred to a'' special master, who took testimony and ‘ found in part' as follows: :
“The testimony of Dr. Menendez and that of Dr. Gilbert established that Plaintiff’s comprehension, reasoning and intelligence were impaired. The latter doctor established that Plaintiff had a condition known as Korsakoff’s Psychosis which involves definite damage to the brain. This doctor examined Plaintiff in mid September, 1953, and stated that his mental condition, according to experience in the medical world, must have existed .prior thereto for at least two years. This doctor also stated that Plaintiff might ‘fool any person’ relative to his condition. A victim of Korsakoff’s Psychosis might improve upon ceasing the use of liquor and taking proper food by regeneration of nerve cells damaged but not dead.
“The testimony of doctors, the improvidence of the transaction sought to be rescinded itself, are convincing evidence that Plaintiff’s mentality was impaired throughout the period of the transaction. The fact, agreed on by Plaintiff and Defendants, that in offering the property and fixing the price Plaintiff offered it at $10,000.00 and reduced the price to $7,000.00 without suggestion by Defendants, indicates mental instability. The value, $13,000.-00, compared with the price sold for, $7,000.00, is significant. The picture of the Plaintiff drawn by Defendants, throughout this testimony coincides closely with the characteristics of a mental incompetent suffering from Korsakoff’s Psychosis as described by Dr. Gilbert, and of one not entirely recovered from delirium tremens as described by Dr. Menendez. The Plaintiff’s appearance, manner and understanding as indicated by his responses' to questions would indicate to a reasonably intelligent layman that he (Plaintiff) lacked comprehension sufficient to conduct and manage matters of business.” (Transcript references omitted.)
The pertinent part of' the master’s con-clüsions reads: . ; . . .
“Based upon the above finding that the Plaintiff at all times pertinent to the transaction under attack .was incompe-r tent, uncomprehending and unable to understand the nature and effect of his *364 acts, the conclusion of law is that Plaintiff, having disaffirmed the contract, is entitled to rescission of the entire transaction, providing' he can and' does return everything of value that he' has received; 'that is to say, ■ benefits derived from the contract; he is not required to refund incidental and remote expenses of the other parties, as-distinct from those he would have been entitled to under the-contract.”
While recommending rescission, because of the mental incompetency of the plaintiff, the master found that by the weight of the evidence no undue influence had been established, and recommended that plaintiff pay the -costs of suit. . ;
Exceptions having been filed, the chancellor entered a final decree overruling the master’s report and findings except as to cost's and as to certain financial details .not relevant here. No reason was assigned" for this action. The agreement and deed sought to be rescinded were confirmed and ratified in every respect by the chancellor.
Appellant contends-that the chancellor erred in overruling the master’s-findings, .which were based upon-competent substantial evidence. We have reviewed the record at length, and-agree with appellant that, the master’s findings, were abundantly supported. The final, decree must therefore be reversed upon authority of Frank v. Frank, Fla., 75 So.2d 282; Slatcoff v. Dezen, Fla., 74 So.2d 59; and Harmon v. Harmon, Fla., 40 So.2d 209, unless the master,has misconceived the.legal effect of the evidence. We think that the situation which the master’s findings describes is;one which clearly warrants, rescission. In Windham v. Windham, 152 Fla. 362, 11 So.2d 797, 798, we held that “inadequacy of consideration, coupled with a degree of mental weakness, if clearly established by the testimony, will furnish sufficient ground' for equitable interference”, citing authority pertaining to cancellation of instruments. See also Douglas v. Ogle, 80 Fla. 42, 85 So. 243, and Webb v. Webb, 145 Fla. 267, 199 So. 343.
Appellant next contends that it was error to’ assess costs against him under the circumstances of this case. With this contention we cannot agree, for -on this record appellant has failed to make error clearly apparent.
The final .decree appealed from must be, and it is hereby, reversed with directions to enter a final decree in accordance with the recommendations of the special master.
Reversed-wit-h directions.
DREW, G. J.,- and TERRELL and THOMAS, JJ., concur.