COBB, Judge.
The plaintiff below, Grace Lawrence, in the capacity of guardian of the Estate of Anna Flemings Wonnacott, sought rescission of a deed executed by the latter on November 12, 1981, conveying real property to the defendant, Gracey. The issue is the mental capacity of the then 81-year-old Wonnacott at the time of the execution of the deed.
Evidence at the non-jury trial revealed that Anna Wonnacott was confused and greatly concerned as to the amount of property tax owed on her property in November, 1981, and was tired of being responsible for the payment of the taxes and for the upkeep of the building. Consequently, she initiated contact with Gracey, a business tenant on the first floor of the building, and offered to sell him the proper-1‘ ty for $15,000 plus a life estate to Wonna-cott for her apartment in the building, with Gracey paying the taxes during the life estate. The evidence presented at trial showed that immediately after the conveyance, Gracey had the property appraised at $225,000, and that he entered into a contract to sell the property for $385,000.
Letters written by Anna Wonnacott in November and December, 1981, were presented at trial. While some letters showed displeasure over the sale and confusion in her mind, others contained passages such as the following:
It sounded like a bad deal I made but I feel it will work out okay. I sold it cheap. My income tax to pay shows a loss. Then to have my apartment as long as I live free of tax and rent. That alone is worth today $25,000. I could get perhaps as much as $141,000 but time I paid the tax on the sale and found an apartment for $69,000 where I would be — and no apartment as lovely as mine built just as I wanted it.... So I got away from worry and still have to get things adjusted.... It was a hard thing to face but I feel it was for the best.
[[Image here]]
The reason I sold it so cheap I am going to have my apartment free of taxes and rent as long as I live here. No time limit.
Sfc * * * *
Today there is a new way of owning your apartment. You pay what the apartment is worth. New buildings fix for sale their apartments. One I looked at with friends asked $69,000 for a one bedroom apartment not near a store across from town near the post office and a bank but you had to have a car to really go places to a store. They were smaller apartments than mine and one bedroom.... I was upset by the big tax and thought best to sell it and take the apartment I still have for life. I may have five or ten more years and not have to do all the work here to keep the building up as it was getting me down. Now all I can do is a carefree life as the old saying you can’t take it with you but be sure you have it in writing.
The trial court’s final judgment ordered cancellation of the deed and restoration of *307 the parties to their status quo. The crucial paragraph in that judgment provides:
Anna Flemings Wonnacott probably did understand the nature of her transaction, but in any event the totality of the evidence indicates that there was such a degree of mental weakness that coupled with woeful and inadequate consideration requires equity to set aside the deed.
We find that the law applicable to this case was set out by the Florida Supreme Court in Hassey v. Williams, 127 Fla. 734, 174 So. 9 (1937):
This court is committed to the rule that mere mental weakness will not authorize a court of equity to set aside a deed if such weakness does not amount to inability to comprehend the effect and nature of the transaction and is not accompanied by evidence of imposition or undue influence. The presumption always supports the validity of the deed and the sanity of the grantor until overcome by a preponderance of the evidence. The deed will under no circumstances be voided unless proven that the mind of the grantor was so affected as to render her incapable of comprehending the nature and effect of the transaction.
174 So. at 11.
Given the trial court’s finding that Anna Wonnacott probably understood the nature of her transaction, and the absence of evidence of undue influence exerted by Gra-cey, the judgment below cannot stand.
REVERSED and REMANDED.
FRANK D. UPCHURCH, Jr., and CO-WART, JJ., concur.