601 So.2d 287 (1992)
Adolphus M. JORDAN, Appellant,
v.
Phillip J. JORDAN, Guardian of Mattie Bell Jordan, Appellee.
No. 91-2469.
District Court of Appeal of Florida, Third District.
June 9, 1992.
Rehearing Denied August 11, 1992.
*288 William G. Nelson, South Miami, for appellant.
Joe N. Unger; Golden & Cowan, Miami, for appellee.
Before HUBBART, JORGENSON and COPE, JJ.
COPE, Judge.
Adolphus M. Jordan appeals an order setting aside a conveyance of real property to him by his mother, Mattie Bell Jordan. We affirm.
In 1990 the circuit court appointed Phillip J. Jordan as the guardian of the property of his mother, Mattie Bell Jordan.[1] The report of the examining committee, dated January 23, 1990, found that Ms. Jordan had organic brain syndrome with severely impaired memory, disorientation, and confusion. It found that she was unable to make informed decisions on her own behalf, including informed decisions regarding her "right to manage property or to make any gift or disposition of property." Report of Examining Committee, at 2.
Seven months previously, on June 15, 1989, Ms. Jordan executed a quitclaim deed conveying a parcel of real estate to Adolphus.[2] The guardian brought suit to set aside the conveyance of real estate, contending that Ms. Jordan did not have the necessary mental capacity to understand the nature of the conveyance. The guardian also alleged that the conveyance of real estate was procured by undue influence on the part of Adolphus. After a bench trial, the trial court set aside the conveyance of real estate and Adolphus has appealed.
We conclude that the judgment must be affirmed on the basis of the court's finding that on the date of execution of the real estate conveyance, Mattie Bell Jordan "did not possess the necessary mental capacity to understand the nature of the real estate conveyance to the Defendant [Adolphus M. Jordan]." Final Judgment, at 1.[3] One of the issues before the trial court was whether the incapacity which had been found to exist as of January, 1990 had also existed at the time of the conveyance of real estate in June, 1989. The evidence on this score was in conflict. The guardian offered expert testimony by a psychiatrist who had served on the examining committee, as well as testimony by Ms. Jordan's family physician who had frequent contact with her throughout the relevant period of time. Testimony of other witnesses was also offered.
On the other hand, Adolphus Jordan offered the testimony of the attorney who handled the execution of the documents and his daughter, a law office employee, that Ms. Jordan appeared to be lucid and to know what she was doing when she executed the documents. Similar testimony was offered from other witnesses.
Where, as here, there was conflicting testimony on the matter in question, it was the responsibility of the trial judge to resolve the conflict. In re Estate of Zimmerman, 84 So.2d 560, 561 (Fla. 1956); Hartnett v. Lotauro, 82 So.2d 362, 364 (Fla. 1955). As the ruling is supported by substantial competent evidence, we affirm.
Appellant relies on Coppock v. Carlson, 547 So.2d 946 (Fla. 3d DCA 1989), review denied, 558 So.2d 17 (Fla. 1990). As we interpret that case, the majority concluded that while the record showed some unusual behavior on the part of the testator, the record did not show that the testator "lacked the ability to understand the nature *289 and extent of his property, the natural objects of his bounty, or the general process of will-making." Id. at 947 (citations omitted). In the present case there was conflicting evidence relating to the capacity of Ms. Jordan at the relevant time, and the trial court resolved the conflict in favor of the guardian's position.
As stated earlier, the guardian asserted a second, independent theory for setting aside the conveyance: that the conveyance of real property was the result of undue influence by Adolphus Jordan. The trial court ruled in the guardian's favor on this alternative theory. Although we have sustained the trial court's finding of lack of capacity, the alternative finding of undue influence cannot be affirmed on this record.
Adolphus Jordan admitted below that he enjoyed a confidential relationship with his mother, in whose financial affairs he rendered assistance. See In re Estate of Carpenter, 253 So.2d 697 (Fla. 1971). He did not dispute that the facts of the case gave rise to a presumption of undue influence, so that the burden shifted to him to rebut the presumption. See id. at 701-05. The trial court found that "the Defendant has failed to provide any explanation to rebut the presumption of undue influence raised by the Plaintiff." Final Judgment, at 1. This was error. The appellee guardian concedes here that Adolphus did, in fact, offer an explanation which was sufficient under the decisional law to rebut the presumption, which is a slight one. See id. at 703-04; Sun Bank/Miami, N.A. v. Hogarth, 536 So.2d 263, 267 (Fla. 3d DCA 1988), review denied, 545 So.2d 1369 (Fla. 1989). Once a reasonable explanation is offered, the presumption vanishes from the case. In re Estate of Carpenter, 253 So.2d at 705.
It is then the role of the trial court to determine, by the greater weight of the evidence, whether the facts support a finding of undue influence... . Because "the facts giving rise to the presumption are themselves evidence of undue influence, those facts will remain in the case and will support a permissible inference of undue influence, depending on the credibility and weight assigned by the trial judge to the rebuttal testimony." Carpenter, 253 So.2d at 705.
Sun Bank/Miami, N.A. v. Hogarth, 536 So.2d at 267 (citations omitted; emphasis in original).
In the present case the trial court should have made a finding regarding the existence or nonexistence of undue influence without regard to the presumption, because the presumption had been rebutted. The court did not do so because the court proceeded on the incorrect determination that the presumption had not been rebutted and continued to be operative in the case. For that reason we vacate the trial court's findings on the issue of undue influence.
Although there was error on the issue of undue influence, the court's independent ruling on the issue of Ms. Jordan's capacity is entirely sufficient to sustain the judgment.
Affirmed; findings vacated in part.
NOTES
[1] A guardian of the person was also appointed.
[2] On the same date she executed a will leaving her estate to Adolphus. She also executed a Durable Family Power of Attorney, appointing Adolphus Jordan to act as her attorney-in-fact. The present appeal involves only the conveyance of real estate.
[3] The final judgment contains a scrivener's error. It treats the date of the real estate conveyance as being July 15, 1989, whereas in fact the real estate conveyance, will, and durable power of attorney were executed June 15, 1989.