DIAMANTIS, Judge.
William D. Lane, executor of the estate of John Fodor, appeals the final summary judgment entered by the trial court in favor of appellees Albert and Lucy Talloni. We reverse because genuine issues of material fact exist which preclude the entry of a summary judgment.
Lane sued the Tallonis to rescind a deed executed by Fodor. Uncontroverted evidence of record establishes that Fodor, while 92 years old, conveyed three parcels of real property in Orange County to the Tal-lonis for the sum of $10,000. Lane also presented evidence that the actual value of the property was between $98,000 and $115,-000, and that at the time of the conveyance Fodor was mentally incompetent in that he was not capable of understanding the nature and effect of the transaction.[1] Based upon this record, entry of summary judgment was improper because inadequacy of consideration, coupled with the grantor’s ineompeten-cy in that he was unable to comprehend the nature and effect of the transaction, is sufficient ground for a court of equity to rescind a deed. Hartnett v. Lotauro, 82 So.2d 362 (Fla.1955); Saliba v. James, 143 Fla. 404, 196 So. 832 (1940); Jordan v. Jordan, 601 So.2d 287 (Fla. 3d DCA 1992). Compare Travis v. Travis, 81 Fla. 309, 87 So. 762 (1921) (if grantor’s mental weakness does not amount to inability to comprehend nature and effect of transaction, party seeking to rescind deed must present evidence of imposition or undue influence). Accord Hassey v. Williams, 127 Fla. 734, 174 So. 9 (1937); Gracey v. Lawrence, 442 So.2d 305 (Fla. 5th DCA 1983).
Because genuine issues of material fact remain concerning Fodor’s competency and the value of the property conveyed, as well as the Tallonis’ defenses of laches and ratification, the instant record fails to establish that the Tallonis are entitled to a judgment as a matter of law. Accordingly, we reverse the order of summary judgment and remand this cause for further proceedings.
REVERSED and REMANDED.
HARRIS, C.J., and N.D. BROCK, Associate Judge, concur.

. We recognize that the evidence is conflicting on the issue of Fodor's competency; however, the trial court cannot weigh the evidence on a motion for summary judgment. Jones v. Stoutenburgh, 91 So.2d 299, 302 (Fla.1956); City of Live Oak v. Arnold, 468 So.2d 410, 413 (Fla. 1st DCA 1985). A trial court is precluded from granting summary judgment if the evidence is conflicting or if “inferences reasonably deducible from the evidence cast doubt” on a material issue. 4444 Corp. v. City of Orlando, 598 So.2d 287, 288 (Fla. 5th DCA 1992).