799 So.2d 413 (2001)
WAL-MART STORES, INC., Appellant,
v.
Joseph M. TRACZ, Appellee.
No. 5D00-2649.
District Court of Appeal of Florida, Fifth District.
November 16, 2001.
Vincent M. D'assaro and Hunter A. Hall, Orlando, for Appellant.
Patricia R. Sigman of Sigman & Sigman, P.A., Altamonte Springs, for Appellee.
THOMPSON, C.J.
Wal-Mart Stores, Inc., ("Wal-Mart") appeals a non-final order granting Joseph M. Tracz's motion for summary judgment on the issue of liability. We reverse.[1]
Tracz was employed by Wal-Mart from May 1992 until May 1996 as a truck driver. *414 In May 1996, he was terminated from his employment due to an alleged positive drug test. Subsequently, Tracz applied for a truck driver position with CF MotorFreight. Pursuant to that application and in order to secure the position, he signed a form authorizing Wal-Mart to release to CF MotorFreight results from drug tests administered while employed by Wal-Mart. Next to the "controlled substance test results" portion on the form, the Wal-Mart representative filled in the date of Tracz's positive drug test. The bottom of the form was signed by a Wal-Mart employee. Wal-Mart released the authorization, along with the positive drug test information, to CF MotorFreight.
Tracz asserted in his complaint that according to D.O.T. regulations, the only tests that should have been reported by Wal-Mart were tests done pursuant to D.O.T. regulations. Apparently, the test reported to CF MotorFreight was not a drug test completed pursuant to D.O.T. regulations. Due to the positive drug test, CF MotorFreight refused to hire Tracz. In his complaint against Wal-Mart, Tracz alleged that Wal-Mart's actions were negligent per se or, in the alternative, prima facie evidence of negligence.
Tracz later moved for summary judgment on the issue of liability, contending that Wal-Mart had violated the federal regulations which only allow Wal-Mart to release drug test information that is authorized by the employee. Plaintiff's counsel submitted that Tracz had only authorized the release of D.O.T.-compliant tests. Wal-Mart disagreed and made this pertinent point:
I would command [sic] Your Honor's attention to the authorization. It is signed by the Plaintiff and attached to the complaint. There is nothing in the authorization that supports the very strict interpretation advanced by [plaintiff's counsel] as to the limitations on the scope of the authority given by the employee.
The trial court agreed with Tracz and entered partial summary judgment in Tracz's favor; from this order Wal-Mart timely appealed.
The party moving for summary judgment has the burden to prove conclusively the nonexistence of any genuine issue of material fact. Holl v. Talcott, 191 So.2d 40, 43 (Fla.1966). "If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it." Id. at 43. The trial court may not determine factual issues or consider either the weight of the conflicting evidence or the credibility of witnesses in determining whether a genuine issue of material fact exists in a summary judgment proceeding. Security First Federal Savings & Loan Assoc., v. Broom, Cantrell, Moody & Johnson, 560 So.2d 304, 307 (Fla. 1st DCA 1990), disapproved on other grounds, Garden v. Frier, 602 So.2d 1273, 1277 n. 10 (Fla.1992).
Summary judgment procedures should be applied with special caution in negligence and malpractice actions. Holl, 191 So.2d at 46; Accord Moore v. Morris, 475 So.2d 666 (Fla.1985). Where the case is close on the question of negligence, the question should always be resolved in favor of a jury trial. Holl, 191 So.2d at 40; Holmes v. Forty-Five Twenty-Five, Inc., 133 So.2d 651 (Fla. 3d DCA 1961). When considering a summary judgment motion, it should be denied if there's even the *415 slightest doubt concerning a material issue of fact. See Besco U.S.A. Int'l Corp. v. Home Savings of America F.S.B., 675 So.2d 687 (Fla. 5th DCA 1996). All reasonable inferences are to be construed in favor of the party opposing summary judgment, as well. See White v. Whiddon, 670 So.2d 131, 133 (Fla. 1st DCA 1996).
The trial court erred when it failed to construe all reasonable inferences in favor of Wal-Mart in this case. Contrary to the trial court's finding of fact that "Plaintiff only authorized the results of an approved Department of Transportation drug test be given to CF MotorFreight," the text of Tracz's authorization is not so limited. Nowhere in the authorization does Tracz inform Wal-Mart that only test results done pursuant to D.O.T. test strictures are to be released.[2]
It is true that there is a provision in the authorization form that refers to D.O.T. required drug and alcohol tests, but this portion of the form is, at best, confusing. The federal regulations mandate that Wal-Mart release drug and alcohol test results to a subsequent employer in compliance with the terms of the employee's consent. See 49 CFR § 40.331. In this case, there is a strong argument that to comply with the federal regulations Wal-Mart had to release exactly what it released.
REVERSED AND REMANDED for proceedings in accordance herewith.
SAWAYA and PLEUS, JJ., concur.
NOTES
[1] We have jurisdiction. See Fla. R.App. P. 9.130(a)(3)(C)(iv)(2000). While this rule subdivision was repealed effective January 1, 2001, see Amendments to Florida Rules of Appellate Procedure, 780 So.2d 834 (Fla.2000), the instant appeal was instituted before that date and thus may proceed. See Hetherington v. Donner, 786 So.2d 9 (Fla. 3d DCA 2001).
[2] The authorization reads in pertinent part:

AUTHORIZATION FOR PAST DRUG AND ALCOHOL TEST RESULTS
I hereby authorize my former employers to release to CF MotorFreight the following information about me that occurred within the preceding two years from the date of this inquiry:
1. All alcohol test results of 0.04% or greater;
2. All positive Controlled Substances test results;
3. All instances in which the driver refused to submit to DOT-required Drug and/or alcohol tests; and
4. Substance abuse professional evaluations concerning the above instances and Return to Duty Results.
I understand that as a requirement for consideration for employment with CF MotorFreight, federal regulations require me to give my written authorization to CF MotorFreight to obtain the results of the above DOT-required Drug and Alcohol tests (including any refusals to be tested) from all of the companies for which I was employed as a driver during the past two (2) years. I understand that my signing of this authorization does not guarantee me a job or guarantee that I will be offered a position with CF MotorFreight. This information is to be released to CF MotorFreight pursuant to federal Department of Transportation regulations 49 CFR 392.413.
(emphasis added). Underneath Tracz's signature, a witness's signature and date, is a section to the consent form entitled TO BE COMPLETED BY PAST EMPLOYER'S REPRESENTATIVE. That portion of the authorization for release of drug test results reads:
Please provide the following information about this applicant who identified your company as a former employer:
1. Alcohol test results of 0.04% or greater;
2. Positive Controlled Substances test results;
3. Refusal to be tested for Controlled Substances or Alcohol:
4. Substance Abuse Professional (SAP) evaluations for any above identified instances.
Has this individual completed the recommended action by the SAP?
If yes, did this individual have Negative Return to Duty test results?
(emphasis added.) The date of the positive drug test is filled in where appropriate.