HARRIS, J.
Daniel LeBlanc appeals the final judgment and underlying order granting Yuliya Acevedo, M.D. and Access Healthcare's motion for summary judgment. LeBlanc argues that the trial court erred in holding that he could not bring a claim for breach of fiduciary duty and that he failed to demonstrate a causal link between Acevedo's negligence and his injury. We agree and reverse on both counts.
LeBlanc worked as a correctional officer for the Department of Corrections (DOC) from 1994 until his employment was terminated in 2011. In 2010, while still employed, LeBlanc sought treatment from Acevedo for high blood pressure and was prescribed high blood pressure medication. Acevedo also recommended that LeBlanc take time off of work due to his blood pressure and that he see a psychiatrist. Beginning in September 2010, LeBlanc took leave under the Family Medical Leave Act (FMLA) in part to deal with his high blood pressure. He visited Acevedo for a second and final time in November *557 2010, at which point Acevedo determined that LeBlanc's blood pressure was stable and that he could return to work. LeBlanc disagreed and refused to return to work.
Soon thereafter, DOC sent a questionnaire to Acevedo regarding LeBlanc's fitness to return to work. Included with that correspondence was a blank medical release form for LeBlanc to sign. Without receiving or even requesting LeBlanc's authorization, Acevedo returned the questionnaire to DOC, noting that while LeBlanc was medically stable, he needed a psychiatric evaluation before he could resume his duties as a corrections officer. Acevedo attached some of LeBlanc's medical records to her response to DOC.
Upon receipt of LeBlanc's medical records, including those sent by Acevedo, DOC referred LeBlanc to a psychiatrist for a fitness for duty evaluation. The psychiatrist found LeBlanc unfit to return to work, and in February 2011, DOC terminated LeBlanc's employment. LeBlanc appealed his termination to the Public Employees Relation Commission (PERC) which ultimately determined that DOC's decision to terminate LeBlanc's employment was appropriate. However, it was during the PERC hearing that LeBlanc first learned that Acevedo had released his medical records without his authorization. LeBlanc subsequently sued Acevedo and her office, Access Healthcare, alleging common law claims of breach of fiduciary duty and negligence.
In the first count of his complaint, LeBlanc alleged that the doctor-patient relationship he had with Acevedo created a fiduciary duty owed by Acevedo to LeBlanc. LeBlanc further alleged that Acevedo breached that duty by disclosing his confidential medical records without his consent and that this breach resulted in damages to LeBlanc. Despite sufficiently stating a cause of action for common law breach of fiduciary duty, the trial court concluded that LeBlanc was not authorized to bring a claim under section 456.057, Florida Statutes, as that statute does not provide a private right to a cause of action. Contrary to the lower court's conclusion, LeBlanc brought his claim against Acevedo under the common law and never claimed that section 456.057 created a private cause of action.
Breach of fiduciary duty is a common law tort requiring proof of "the existence of a fiduciary duty, and the breach of that duty such that it is the proximate cause of the plaintiff's damages." Gracey v. Eaker, 837 So.2d 348, 353 (Fla. 2002). LeBlanc alleged a relationship of trust and confidence between him and Acevedo that was sufficient to establish the basis of a common law fiduciary duty. While not suing specifically under section 456.057, LeBlanc correctly points out that statutory confidentiality requirements can give rise to fiduciary duties.
In Gracey, the Florida Supreme Court held that section 419.0147, Florida Statutes (1999), which provides that all communication between licensed clinicians, counselors and psychotherapists shall be confidential, "created a clear statutory duty that, if violated, generated a viable cause of action in tort, specifically a cause of action for breach of fiduciary duty." 837 So.2d at 353.
Here, Acevedo was LeBlanc's doctor and, under Florida law, any information he disclosed to her was confidential. Section 456.057(8), provides that "information disclosed to a health care practitioner by a patient in the course of the care and treatment of such patient is confidential." In Gracey, the supreme court held that the psychotherapist-patient confidentiality statute "unambiguously indicates the intent of the Legislature to protect from unauthorized disclosure the confidences reposed *558 by a patient in his or her psychotherapist." 837 So.2d at 355. Similarly, section 456.057 indicates an intent to protect patients from "unauthorized disclosure," and just as the supreme court reasoned that a psychotherapist's "duty not to disclose is therefore actionable under the common law cause of action for breach of fiduciary duty," so should a breach of the physician's duty not to disclose be actionable in tort on the same principle. Id. Like the statutorily imposed psychotherapist-patient confidentiality requirements, the requirement of doctor-patient confidentiality creates "a relation of trust and confidence ... between the parties" giving rise to a fiduciary duty, the breach of which is actionable in tort. Id. at 352.
Because the violation of a statutorily-imposed duty of confidentiality is actionable under the common law, the trial court erred when it held that LeBlanc could not bring a claim for breach of fiduciary duty based on Acevedo's unauthorized disclosure of LeBlanc's medical records.
In his second count, LeBlanc alleged that Acevedo owed him a duty to exercise reasonable and ordinary care to keep his medical records confidential and that her negligence in failing to do so caused damages including the loss of LeBlanc's employment. Concluding that LeBlanc would be unable to prove "under any theory" that Acevedo's negligence was the proximate cause of his damages, the trial court granted Acevedo's motion for summary judgment. This was error.
In negligence cases, Florida courts follow the "more likely than not" rule regarding causation and require proof that the negligence probably caused the plaintiff's injury.
On the issue of the fact of causation, as on other issues essential to his cause of action for negligence, the plaintiff, in general, has the burden of proof. He must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a substantial factor in bringing about the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant.
Gooding v. Univ. Hosp. Bldg., Inc., 445 So.2d 1015, 1018 (Fla. 1984) (quoting Prosser, The Law of Torts § 241 (4th ed. 1971) ).
However, "the question of whether defendant's negligence was the proximate cause of the injury is generally one for the jury unless reasonable men could not differ in their determination of that question." Helman v. Seaboard Coast Line R.R., 349 So.2d 1187, 1189 (Fla. 1977) ; Cooper v. Fenton Brace & Limb Co., 350 So.2d 1106, 1107 (Fla. 3d DCA 1977) ("[Q]uestions of ... negligence causation are peculiarly questions of fact which should be permitted to go to the jury.").
Granting summary judgment is improper "based on a finding that the plaintiff has not come forward with any evidence of causation," as such a finding "improperly shifts the burden to the non-movant to establish causation." Pitcher v. Zappitell, 160 So.3d 145, 148 (Fla. 4th DCA 2015) ; O'Malley v. Ranger Constr. Indus., 133 So.3d 1053, 1056 (Fla. 4th DCA 2014) ("[S]ummary judgment should not be granted based on a non-movant's failure to meet its trial burden of proof on the issue of causation.").
Thus, in this case, to succeed on a motion for summary judgment based on lack of causation, Acevedo had the burden to conclusively establish that, even with *559 every reasonable inference from the evidence drawn in favor of LeBlanc, LeBlanc would be unable to prove that the unauthorized disclosure of his medical information more likely that not caused his termination. See Sweet v. Sheehan, 932 So.2d 365, 368-69 (Fla. 2d DCA 2006). If there was "even the slightest doubt concerning a material issue of fact," or if the trial court judge was required to "determine factual issues or consider ... the weight of the conflicting evidence," then summary judgment was error. Wal-Mart Stores Inc. v. Tracz, 799 So.2d 413, 414-15 (Fla. 5th DCA 2001) ; Lane v. Talloni, 626 So.2d 316, 317 (Fla. 5th DCA 1993) ("[A] trial court cannot weigh the evidence on a motion for summary judgment." (citing Jones v. Stoutenburgh, 91 So.2d 299, 302 (Fla. 1956) ) ).
In its order granting summary judgment, the trial court made several findings of fact from which it ultimately determined that, as a matter of law, Acevedo's negligence was not the cause of LeBlanc's termination. It was error for the trial court to make these factual determinations in light of the conflicting evidence and testimony and the repeated speculation as to what would likely have occurred had Acevedo not disclosed his medical information. See Tracz, 799 So.2d at 414-15 ; Lane, 626 So.2d at 317.
Resolving all conflicting evidence in this case in favor of the non-moving party, the issue of causation should have been submitted to a jury. It is certainly plausible that LeBlanc could have shown that Acevedo's improper release of his medical information caused DOC to order a psychiatric evaluation which then led to the decision to terminate LeBlanc's employment.This theory is not unreasonable, and where reasonable people can differ on the issue of causation, the issue is not properly decided by the trial court as a matter of law. Hoffman v. Bennett, 477 So.2d 43, 44 (Fla. 3d DCA 1985).
REVERSED and REMANDED.
ORFINGER and WALLIS, JJ., concur.